JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sarah Yubini, Adolofo Deleon and Kristy Deleon

**(b)** County of Residence of First Listed Plaintiff _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Flynn & Associates, P.C., 2091 Springdale Road, Ste. 2, Cherry Hill, NJ 08003, 856-669-6100, Marlton@Tflynnlaw.com

## DEFENDANTS
James F. Gagliardi, III and Tri-State Construction Inc.

County of Residence of First Listed Defendant: **Camden**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(a)

Brief description of cause:
Plaintiffs struck in rear of auto.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: 04/20/2012

SIGNATURE OF ATTORNEY OF RECORD: *[signature: Thomas Flynn]*

JS 44 Reverse (Rev. 12/07, NJ 1/08)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: <u>47 USC 553</u>
    Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**     **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**FLYNN & ASSOCIATES, P.C.**
2091 Springdale Road / Suite 2
Cherry Hill, NJ 08003
(856) 669-6100
Attorney for Plaintiff(s)

| | |
|---|---|
| Plaintiff(s) : | UNITED STATES DISTRICT COURT |
| SARAH YUBINI : | DISTRICT OF NEW JERSEY |
| 3720 NW 88th Avenue / Unit 126 Sunrise, Florida 33351. : | |
| and : | CIVIL ACTION |
| ADOLOFO DELEON and KRISTY DELEON : | |
| 7078 Shimmering Avenue Henderson, Nevada 89011 : | CIVIL ACTION NO. |
| vs. : | **COMPLAINT, DEMAND FOR JURY TRIAL AND DESIGNATION OF TRIAL COUNSEL** |
| Defendant(s) : | |
| JAMES F. GAGLIARDI 130 DeSilvio Drive Sicklerville, New Jersey 08081 : | |
| and : | |
| TRI-STATE CONSTRUCTION INC. 2516 Mays Landing Road Millville, New Jersey 08332 : | |

## JURISDICTION AND VENUE

1. Plaintiff, Sarah Yubini is an adult and resident of the State of Florida residing at 3720 NW 88th Avenue, Unit 126, Sunrise, Florida.

2. Plaintiffs, Adolofo Deleon and Kristy Deleon are adult residents of the State of Nevada residing at 7078 Shimmering Avenue, Henderson, Nevada.

3. Defendant, James F. Gagliardi, III, is an adult and resident of the State of New Jersey residing at 130 DeSilvio Drive, Sicklerville, New Jersey.

4. Defendant, Tri-State Construction Inc. is a business duly licensed and/or authorized to conduct business under the laws of the State of New Jersey

      with its registered agent, corporate headquarters and/or principal place of business located at 2516 Mays Landing Road, Millville, New Jersey.

5. This Court has jurisdiction over this action pursuant to Diversity of Citizenship, 28 U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

6. Venue is properly laid in the District of New Jersey as one of the Defendants is a resident of this district and the claim arose in this district.

## FIRST CLAIM FOR RELIEF - Plaintiff Sarah Yubini

7. Plaintiff, Sarah Yubini, hereby incorporates by reference the allegations of paragraphs 1-6 above as if fully set forth at length herein.

8. At all times material hereto, the Defendant, James F. Gagliardi, III, was an agent, servant and/or employee of Defendant Tri-State Construction Inc. and was acting within the scope of his agency, servitude and/or employment with same.

9. On or about April 22, 2010, Plaintiff, Sarah Yubini, was the operator of a motor vehicle which was stopped northbound along Texas Avenue on the McGuire Air Force Base, County of Burlington, State of New Jersey.

10. At the time and date as aforesaid, the Defendant James F. Gagliardi, III, while acting as an agent, servant and/or employee of Defendant, Tri-State Construction Inc., was the operator of a motor vehicle which was proceeding northbound along Texas Avenue on the McGuire Air Force Base, County of Burlington, State of New Jersey.

11. At the time, date and location as aforesaid, the Defendant, James F. Gagliardi, III, did operate his motor vehicle in a careless and/or negligent manner while attempting to move forward, which said carelessness and/or negligence proximately resulted in the Defendants motor vehicle to collide violently with the motor vehicle being operated by the Plaintiff, Sarah Yubini, which resulted serious and severe personal injuries.

12. The aforesaid accident was not the result of any act or failure to act by the Plaintiff, Sarah Yubini.

13. As a driect and proximate result of the carelessness and/or negligence of the Defendant, James F. Gagliardi, III, as aforesaid and while acting within the scope of his agency, servitude and/or employment with Defendant, Tri-State Construction Inc., the Plaintiff, Sarah Yubini was injured both grievously and irreversibly; she has in the past and will in the future by plagued by great pain, shock and mental anguish; she has been required to expend large sums of money for hospital and medical care in an effort to alleviate the pain and injuries from which she is suffering; she has in the past and will in the future be prevented from attending to her lawful affairs, activities and occupations.

WHEREFORE, Plaintiff, Sarah Yubini, demands judgment against the Defendants, James F. Gagliardi, III and Tri-State Construction Inc., for an amount in excess of $75,000.00, together with interest, cost of suit and any other further remedy deemed appropriate by this Honorable Court.

## SECOND CLAIM FOR RELIEF - Plaintiff Adolofo Deleon

14. Plaintiff, Adolofo Deleon, hereby incorporates by reference the allegations of paragraphs 1-6 above as if fully set forth at length herein.

15. At all times material hereto, the Defendant, James F. Gagliardi, III, was an agent, servant and/or employee of Defendant Tri-State Construction Inc. and was acting within the scope of his agency, servitude and/or employment with same.

16. On or about April 22, 2010, Plaintiff, Adolofo Deleon, was the passenger in a motor vehicle being operated by Plaintiff, Sarah Yubini, which vehicle was stopped northbound along Texas Avenue on the McGuire Air Force Base, County of Burlington, State of New Jersey.

17. At the time and date as aforesaid, the Defendant James F. Gagliardi, III, while acting as an agent, servant and/or employee of Defendant, Tri-State Construction Inc., was the operator of a motor vehicle which was

proceeding northbound along Texas Avenue on the McGuire Air Force Base, County of Burlington, State of New Jersey.

18. At the time, date and location as aforesaid, the Defendant, James F. Gagliardi, III, did operate his motor vehicle in a careless and/or negligent manner while attempting to move forward, which said carelessness and/or negligence proximately resulted in the Defendants motor vehicle to collide violently with the motor vehicle being operated by the Plaintiff, Adolofo Deleon, which resulted serious and severe personal injuries.

19. The aforesaid accident was not the result of any act or failure to act by the Plaintiff, Adolofo Deleon.

20. As a direct and proximate result of the carelessness and/or negligence of the Defendant, James F. Gagliardi, III, as aforesaid and while acting within the scope of his agency, servitude and/or employment with Defendant, Tri-State Construction Inc., the Plaintiff, Adolofo Deleon was injured both grievously and irreversibly; he has in the past and will in the future by plagued by great pain, shock and mental anguish; he has been required to expend large sums of money for hospital and medical care in an effort to alleviate the pain and injuries from which he is suffering; he has in the past and will in the future be prevented from attending to his lawful affairs, activities and occupations.

WHEREFORE, Plaintiff, Adolofo Deleon, demands judgment against the Defendants, James F. Gagliardi, III and Tri-State Construction Inc., for an amount in excess of $75,000.00, together with interest, cost of suit and any other further remedy deemed appropriate by this Honorable Court.

**THIRD CLAIM FOR RELIEF - Plaintiff Kristy Deleon**

21. Plaintiff, Kristy Deleon, hereby incorporates by reference the allegations of paragraphs 1-6 and 14-20 above as if fully set forth at length herein.

22. At all times material hereto, the Plaintiff, Kristy Deleon is and was the wife of Plaintiff, Adolofo Deleon.

23. As a direct and proximate result of the carelessness, negligence and/or strict liability of the Defendants as aforesaid, the Plaintiff, Kristy Deleon, was and will be deprived of the services, society, earnings, comfort and/or consortium of her husband for a long period of time.

WHEREFORE, Plaintiff, Kristy Deleon, demands judgment against the Defendants, James F. Gagliardi, III and Tri-State Construction Inc., for an amount in excess of $75,000.00, together with interest, cost of suit and any other further remedy deemed appropriate by this Honorable Court.

FLYNN & ASSOCIATES, P.C.

BY: _____
THOMAS F. FLYNN, III, ESQUIRE

Dated: April 20, 2012

## CERTIFICATION

THOMAS F. FLYNN, III, ESQUIRE, hereby certified that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and that there are no additional known parties who should be joined to the present action at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

FLYNN & ASSOCIATES, P.C.

BY: _____
THOMAS F. FLYNN, III, ESQUIRE

DATED: April 20, 2012

## NOTICE PURSUANT TO F.R.C.P. RULE 5 AND 31 (C)

PLEASE TAKE NOTICE that the undersigned attorney hereby demands that each party herein serving pleadings and/or interrogatories and/or receiving papers thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned and TAKE FURTHER NOTICE THAT THIS IS A CONTINUING DEMAND.

FLYNN & ASSOCIATES, P.C.

BY: _____
THOMAS F. FLYNN, III, ESQUIRE

DATED: April 20, 2012

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to F.R.C.P. 26(b) (2), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying
on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment.

If so, attach a copy of each policy or agreement, or in the alternative state, under oath or certification: (a) policy number; (b) name and address if insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

FLYNN & ASSOCIATES, P.C.

BY: _____
THOMAS F. FLYNN, III, ESQUIRE

DATED: April 20, 2012